| | |
|---|---|
| Joan Tucker Fife (SBN: 144572)<br>jfife@winston.com<br>WINSTON & STRAWN LLP<br>101 California Street<br>San Francisco, CA 94111-5894<br>Tel: 415-591-1000; Fax: 415-591-1400<br><br>Amanda C. Sommerfeld (SBN: 185052)<br>asommerf@winston.com<br>Monique Ngo-Bonnici (SBN: 241315)<br>mbonnici@winston.com<br>Winston & Strawn LLP<br>333 South Grand Avenue, 38th Floor<br>Los Angeles, CA 90071-1543<br>Tel: 213-615-1700; Fax: 213-615-1750<br><br>*Attorneys for Defendants* | |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TIMOTHY C. HAYES, HECTOR CANTU, JUAN C. CARRILLO, MARCO A. CEVALLOS, JAMES C. HOGAN, GARY M. HOGAN, ROBERT D. RICHARDS, CHARLES E. SHEA, TED E. VELASQUEZ, CHRISTOPHER ZUCKSCHWERDT,<br><br>Plaintiffs,<br><br>v.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,<br><br>Defendants. | **Case No. 10-3887-SI**<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OF PLAINTIFF JAMES C. HOGAN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: July 1, 2011<br>Time: 9:00 a.m.<br>Dept: 10<br><br>**Filed Concurrently with: 1) [Proposed] Order; 2) Declaration of Victor Charles; and 3) Declaration of Jennifer Rappoport**<br><br>**Related Cases:**<br>**No. 08-3894**<br>**No. 09-4044**<br>**No. 09-5148**<br>**No. 09-5150**<br>**No. 09-5152**<br>**No. 09-5154**<br>**No. 09-5153**<br>**No. 10-628** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 1, 2011, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102-3483, Defendants ServiceMaster Global Holdings, Inc., The ServiceMaster Company, Inc., the Terminix International Company, L.P. and Terminix International, Inc. (collectively "Defendants") will, and hereby do move the Court for an order compelling the arbitration of the individual claims of James C. Hogan ("Hogan") pursuant to his signed agreements to arbitrate. This motion is made pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

This motion is made on the ground that each of Hogan's claims fall within the valid and enforceable arbitration agreement executed by him. This motion is based on this notice of motion and motion to compel arbitration, the memorandum of points and authorities in support thereof, the declarations of Victor Charles and Jennifer Rappoport, the pleadings, records, and files in this action, and on any other additional materials presented at or before the hearing on this motion.

Date: May 27, 2011  WINSTON & STRAWN LLP

By:   s/ Joan B. Tucker Fife
         Joan B. Tucker Fife

Attorneys for Defendants

## I. INTRODUCTION

Defendants ServiceMaster Global Holdings, Inc., The ServiceMaster Company, Inc., the Terminix International Company, L.P. ("Terminix") and Terminix International, Inc. (collectively "Defendants"), file this motion to compel arbitration of the individual claims of James C. Hogan ("Hogan"). Hogan voluntarily executed an arbitration agreement with Terminix that unambiguously requires final and binding arbitration of all legal disputes arising out of Hogan's employment with Terminix. The terms of the agreement expressly cover Hogan's individual claims against Defendants.

Defendants have demanded that Hogan arbitrate his individual claims, but his counsel has not responded to the demand, despite the fact that arbitration is mandatory. Defendants therefore request that this Court compel Hogan to pursue his individual claims in arbitration pursuant to his signed agreement to arbitrate.

## II. ISSUE TO BE DECIDED

This motion presents the following issue for the Court: Whether Hogan is required to pursue his individual claims against Defendants in an individual arbitration proceeding pursuant to his executed Arbitration Agreement.

## III. FACTUAL BACKGROUND

Hogan was an Outside Salesperson for Terminix. He began his employment with Terminix in May 2007, at the Escondido, California branch. In connection with his continued employment with Terminix, Hogan executed an "Arbitration Agreement" on May 29, 2007, in which he agreed to submit all potential employment disputes between himself and Defendants to binding arbitration (Declaration of Victor Charles ("Charles Decl."), ¶ 5, Ex. B). Specifically, the Arbitration Agreement executed by Hogan states in pertinent part:

> "Any dispute arising out of Employee's employment with Employer, including termination of employment and all statutory claims, will be submitted to binding arbitration administered by the American Arbitration Association . . . Employer and Employee each expressly waive entitlement, if any, to have any such dispute heard before a court or jury."

(*Id.*)

The Arbitration Agreement executed by Hogan expressly acknowledges that it is governed by the Federal Arbitration Act ("FAA"). (Charles Decl. ¶ 5, Ex. B, ¶ 11.) It further provides that Terminix will pay the costs of the arbitration proceeding, less the amount Hogan would have had to pay had be brought a claim against Terminix in court. (*Id.* ¶ 5, Ex. B, ¶ 8.) The Arbitration Agreement provides for a neutral arbitrator, discovery as provided by the Rules of the American Arbitration Association, a written decision, and that the parties "are entitled to all remedies allowed by statute that would have been available had the party brought the matter in court." (*Id.*, Ex. B. ¶¶ 6, 7.)

Pursuant to the terms of the Arbitration Agreement, arbitration is the exclusive, final and binding method by which Hogan's claims against Defendants are to be resolved.

## IV.   PROCEDURAL BACKGROUND

On August 30, 2010, Hogan asserted claims against Defendants for the first time. (Docket No. 1.) Specifically, Hogan alleged the following seven claims, each related to his employment with Terminix: (1) failure to pay overtime; (2) failure to pay full wages when due; (3) California record-keeping violations; (4) failure to provide meal and rest breaks; (5) failure to indemnify for necessary expenditures; (6) failure to pay minimum wage; and (7) violation of California Business & Professions Code §17200, *et seq*. As alleged, ***all*** of these claims are within the scope of the duty to arbitrate under the Arbitration Agreement. Nevertheless, Hogan did not submit his claims to arbitration, as required by his binding Arbitration Agreement. Instead, he filed the instant case in this Court.

On October 15, 2010, Defendants answered the complaint and asserted arbitration as an affirmative defense. (Docket No. 3.) No discovery or motion practice has been conducted in this case. The FRCP Rule 26 Conference has not taken place. (Declaration of Jennifer Rappoport ("Rappoport Decl."), ¶ 3.)

On April 27, 2011, the United States Supreme Court decided *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (April 27, 2011). *AT&T* established, *inter alia*, an employer's right to an individual arbitration, where, as here, the agreement is silent as to class arbitration.[1]

On May 20, 2011, Defendants demanded arbitration of Hogan's claims.[2] (Rappoport Decl., ¶ 2, Ex. A.) Defendants requested that Hogan confirm he would comply with his obligations by May 26, 2011 at 5:00 p.m., and indicated that it would demand arbitration from this Court if necessary. (*Id.*) Defendants provided Hogan with a signed copy of the Arbitration Agreement. (*Id.*) To date, Hogan has not responded or agreed to arbitrate his claims. (*Id.*)

This Court therefore should compel Hogan to submit his claims to arbitration.

## IV.  ARGUMENT

### A.  The Federal Arbitration Act Mandates That This Court Enforce Terminix's Right To Arbitrate The Individual Claims of Hogan.

The FAA, 9 U.S.C. section 1, *et seq*. governs the arbitrability of Hogan's claims. The Arbitration Agreement signed by Hogan explicitly states: "This Agreement will be governed and construed in accordance with the Federal Arbitration Act." (*See* Charles Decl. ¶ 5, Ex. B, ¶ 11.)

The Arbitration Agreement is enforceable under the FAA. "The 'principal purpose' of the FAA is to 'ensure[e] that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility*, 131 S. Ct. at 1743. The FAA provides, in relevant part:

> "A written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . ***shall be valid, irrevocable, and enforceable***, save upon such grounds as exist at law or in equity for the revocation of any contract."

9 U.S.C. § 2 (emphasis added).

The United States Supreme Court has described this provision as reflecting both a "federal policy favoring arbitration, requiring [the courts] rigorously enforce agreements to arbitrate,"

---

[1] In *Ayala v. Terminix International Co., L.P.,* Case No. BS130392, the Los Angeles Superior Court found that the same form agreement at issue here, although executed individually by a different individual, Mr. Ayala, at a different time, is silent as to class arbitration. (Rappoport Decl., ¶ 4, Ex. B.)
[2] In the near future, Defendants will move to compel arbitration of other plaintiffs in this case and in related cases, pursuant to their executed Arbitration Agreements, if they do not agree to arbitrate. (Rappoport Decl. ¶ 5, Charles Dec. ¶ 4.)

3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

(*Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (internal quotations and citation omitted)), and the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility*, 131 S. Ct. at 1745, quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. ___ (2010), 130 S. Ct. 2772, 2776 (2010). As a result, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration," (*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)) and "[c]ourts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *AT&T Mobility*, 131 S. Ct. at 1745-46 (internal quotations and citation omitted); *see also*, *Kuehner v. Dickinson & Co.*, 84 F. 3d 316, 319 (9th Cir. 1996) (the FAA "created a rule of contract construction *favoring* arbitration"); *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 126, 1131 (9th Cir. 2000) (same).

It is also well-settled that the FAA preempts any inconsistent state law. *See AT&T Mobility*, 131 S. Ct. at 1750-51 ("The conclusion that follows that class arbitration, to the extent it is manufactured by *Discover Bank* [36 Cal. 4th 148 (2005)] rather than consensual, is inconsistent with the FAA.") In *Southland Corp. v. Keating*, the United States Supreme Court held that the FAA is a body of substantive law applicable in both state and federal courts. 465 U.S. 1, 12 (1984). By enacting the FAA, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration. *Id. See also*, *Moses*, 460 U.S. 1 at 24 (the FAA is a body of federal substantive law, enforceable in both state and federal courts, and preempts any state laws or policies to the contrary); *Hall v. Prudential-Bache Secs., Inc.*, 662 F. Supp. 468, 470-471 (C.D. Cal. 1987) (same); *see also*, *Arellano v. T-Mobile, U.S.A., Inc.*, 2011 WL 1842712 (N.D. Cal. May 16, 2011) ("The recent *Concepcion* decision compels preemption: 'when state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA.'")(citations omitted).

For these reasons, this Court should "rigorously enforce" the Arbitration Agreement of Hogan.

///

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

### B. The Arbitration Agreement Is Valid And Enforceable, And Covers All Claims Asserted By Hogan.

The Arbitration Agreement signed by Hogan expressly encompasses "any dispute" that arises out of or is related to Hogan's employment and/or termination of employment with Defendants, including but not limited to, "claims for breaches of contract, express or implied, claims of discrimination and/or retaliation, claims alleging violation of public policy, whistleblower claims, torts, and/or any other claims based upon any federal, state or local ordinance, regulation, statute, [or] constitutional provision … ." (Charles Decl. ¶ 5, Ex. B, ¶ 2.)  Where the parties have agreed in writing to arbitrate their claims against one another, the Court must give full force and effect to such an agreement under the law.  *AT&T*, 131 S. Ct. at 1745.  Under the plain, clear language of the arbitration provisions, Hogan has expressly agreed to arbitrate *all claims* he has with Terminix in front of an arbitrator at either parties' election.

Therefore, this Court should compel individual arbitration of Hogan's claims.

### C. Terminix Has Not Waived Its Right To Pursue Arbitration of Hogan In His Individual Capacity Or As A Putative Class Member.

In response to Defendants' Motion to File Supplemental Briefing in a related case, *Pablo v. ServiceMaster Global Holdings, et al.* Case No. 08-3894, Hogan's counsel indicated that they believe Defendants have waived their right to demand arbitration of any putative class members in *Pablo*.  (*Pablo* Docket No. 195.)  However, Defendants have *not* waived the right arbitrate, and Hogan will be unable to prove otherwise.

To prove waiver, Hogan must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.  *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2011 WL 1753784, at *2 (N.D. Cal. May 9, 2011);  *Fisher v. A.G. Becker Paribas*, 791 F.2d 691, 694 (9th Cir. 1986); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990); *see also*, *Lake Communications v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984) ("More is required than action inconsistent with an arbitration provision; prejudice to the party opposing arbitration must also be shown." ); *ATSA of California, Inc. v. Continental Insurance Co.*, 702 F.2d 172, 175 (9th Cir.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1983) (inconsistent behavior alone is not sufficient; the party opposing arbitration must have suffered prejudice), amended, 754 F.2d 1394 (1985).

Given this dominant federal policy favoring enforcement of arbitration agreements, waiver of the right to compel arbitration is not favored. *Shinto Shipping Co., Ltd. v. Fibrex & Shipping Co., Inc.*, 572 F.2d 1328, 1330 (9th Cir. 1978) (waiver is not favored and the facts must be viewed in light of the strong federal policy supporting arbitration agreements); *see also*, *Britton*, 916 F.2d at 1413 (no waiver of arbitration found despite the fact that parties engaged in discovery activity and motion practice over a period of two years).

Hogan cannot establish waiver for a number of reasons. For example, Defendants have not engaged in any inconsistent acts with their right to compel arbitration of Hogan's claims. *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2011 WL 1753784, at *3-4 (engaging in extensive discovery and motion practice, including opposing class certification, is not inconsistent with a right to arbitrate.) Here, Defendants have ***not*** litigated or engaged in ***any*** discovery of Hogan's individual claims, thus cannot be found to have acted inconsistently with its right to compel arbitration. (*See* Rappoport Decl. ¶ 3.)

In addition, the passage of time between Defendant's answer and this motion is not inconsistent with Defendant's right to individual arbitration. Defendants did not move to compel the claims of Hogan, who is also a putative class member in the *Pablo* class action, sooner because Defendants could have been forced into class-wide arbitration to which it had not agreed. Only now, after the Supreme Court's April 27, 2011 holding in *AT&T Mobility*, can Defendants move for individual arbitration without the threat of class-wide arbitration based on its silent arbitration agreement. *See AT&T Mobility,* 131 S. Ct. at 1753; *see also Rush*, 779 F.2d at 890 (Defendant's delay in moving to compel arbitration after more than eight months of litigation was justified where relevant Supreme Court decision affecting the defendant's right to arbitrate was not issued until then).

Further, Hogan can show no prejudice. There has been no activity in *Hayes*. Hogan's individual claims were asserted in this action for the first time on August 30, 2010 and have yet to be litigated. The parties have not engaged in the initial Rule 26 conference, and there has been no

discovery or motion practice. (Rappoport Decl. ¶ 3.) Hogan's counsel was aware of the Arbitration Agreement prior to the inception of this case. Not only have Defendants produced a number of executed Arbitration Agreements of Outside Salespersons, but Hogan's counsel also arbitrated a different case against Defendants brought by nine of their clients who signed the same form Arbitration Agreement as Hogan. (*Id.* at ¶¶ 6, 7.) Accordingly, Hogan and his counsel will not suffer any prejudice by being compelled to submit to arbitration now.

Finally, Hogan might argue that Defendants have waived their right to compel arbitration because they did not demand arbitration of him as a putative class member in *Pablo*. But Hogan is not a named plaintiff in *Pablo*, and no class has been certified in that case. Any motion to compel arbitration of Hogan's claims in ***that*** case would be premature. *See In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2011 WL 1753784, at *4 (defendants did not waive their right to compel arbitration against putative class members because they could not have moved to compel arbitration against the putative class members prior to the certification of a class); *see also Whittington v. Taco Bell of America, Inc.*, Case No. 10-01884, (Dist. Colo. May 11, 2011) (court had no authority to "compel putative class members who are not currently before the court [to arbitration] and, because a class has not yet been certified, have not even received notice of the litigation to arbitrate their potential claims").

Accordingly, any argument that Defendants waived their right to compel arbitration is without merit, and arbitration must be compelled.

## IV. CONCLUSION

Based on the foregoing, Defendants request this Court issue an order compelling Hogan to submit each of his claims against Defendants to final and binding individual arbitration.

Date: May 27, 2011　　　　　　　　　　　　WINSTON & STRAWN LLP

　　　　　　　　　　　　　　　　　　　　　By:　　s/ Joan B. Tucker Fife
　　　　　　　　　　　　　　　　　　　　　　　　Joan B. Tucker Fife
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants